UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| CLAUDIA CHANEY, | ) | CASE NO.  1:11 CV 1984 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SODEXO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On September 20, 2011, *pro se* plaintiff Claudia Chaney filed this *in forma pauperis* action against her employer Sodexo, Sodexo General Manager James Kissinger and Sodexo Supervisor Yvonne Shanks.  Ms. Chaney alleges the defendants harassed her based on the ethnicity of her child and in retaliation for filing discrimination charges, both in violation of Title VII, 42 U.S.C. § 2000-e.  She seeks $300,000.00 in damages.

*Background*

Ms. Chaney is employed as a cashier for Sodexo.  Throughout the Complaint, she refers to her son as being of Arab descent.[1]  Aware of the boy's ethnicity, Ms. Chaney's supervisor,

---

[1]  It is not clear whether she was pregnant with the child or in the process of adopting him.

Yvonne Shanks, allegedly remarked that Ms. Chaney's son would be born on "a flying carpet." She added that Ms. Chaney only wanted the child because it would have "good hair."

On or about February 11, 2011, Ms. Shanks allegedly made a false accusation that Ms. Cheney laughed in her face. Ms. Shanks then referred to her son as "an Arab," adding that she cared nothing about his welfare or the welfare of Ms. Chaney. When Ms. Chaney reported the incident to the general manager, James Kissinger, she was told to "clock out and go home" without an explanation. Later that morning she called Sodexo's Office of Human Resources to report the incident. No action was taken.

Because the harassment allegedly continued, Ms. Chaney filed charges with the Equal Employment Opportunity Commission (E.E.O.C.) She claims this only resulted in the escalation of harassment and retaliation. In addition to verbal abuse, she claims she was written up, had vacation time taken away without permission and was denied work evaluations. A copy of the June 23, 2011 Notice of Suit Rights from the E.E.O.C. is attached to the Complaint.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss any claim or party under 28 U.S.C. §1915(e) if it fails to state a basis upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S.

---

[2] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

### *Supervisor Liability*

While Ms. Chaney may have stated an arguable Title VII retaliation claim as well as harassment based on the ethnicity of her child, *see Barrett v. Whirlpool Corp.*, 556 F.3d 502, 512 (6th Cir. 2009), these claims can only be brought against her employer. Numerous courts have held that supervisors, sued in their individual capacities, are not included within the statutory definition of "employer" under Title VII and its sister civil rights statutes. *See Wathen v. General Elec. Co.*, 115 F.3d 400, 405 (6th Cir.1997) (finding that individual liability is prohibited under Title VII); *Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 (11th Cir.1996), *cert. denied*, 520 U.S. 1274 (1997) (finding no personal liability for supervisors under either the Rehabilitation Act or the ADA); *Smith v. Lomax*, 45 F.3d 402, 403 (11th Cir.1995) (recognizing that supervisors, as employees, cannot be held individually liable under the ADEA or Title VII); *E.E.O.C. v. AIC Sec. Investigations*, Ltd., 55 F.3d 1276, 1279-81 (7th Cir.1995) (collecting cases and finding that the ADA does not impose individual liability). Accordingly, Ms. Chaney's supervisor, Yvonne Shanks, cannot be held personally liable for discrimination.

Based on the foregoing, Ms. Chaney's motion to proceed *In Forma Pauperis* is granted. Defendant Yvonne Shanks is dismissed from this action pursuant to 28 U.S.C. § 1915(e). The Court certifies that an appeal from this dismissal could not be taken in good faith.[3] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process

---

[3] 28 U.S.C. § 1915(a) (3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

and shall include a copy of this order in the documents to be served upon defendants Sodexo and James Kissinger.

    IT IS SO ORDERED.

                                      /S/*SOLOMON OLIVER, JR.*
                                      CHIEF JUDGE
                                      UNITED STATES DISTRICT COURT

December 6, 2011